IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOHN E. PAYNE, SR.**, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. **97-505-WDS** |
| | ) | |
| **J. RONALD HAWES,** | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge William D. Stiehl pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the court are petitioner's Motion to Re-Open Habeas Corpus Petition **(Doc. 9)** and Motion to Amend Original Habeas Corpus Petiton **(Doc. 8)**.

Petitioner John E. Payne, Sr., is an imate in the custody of hte Illinois of Corrections. In 1994, he was convicted by a Jefferson County, Illinois, jury of home invasion and residential burglary. He was sentenced to concurrent terms of 40 years for home invation and 15 years for residential burglary. In June, 1997, Payne filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 in this court. At the time the petiton was filed, Payne had not yet exhausted his state remedies, as his state postconviction petiton was pending. **See, Doc. 1, ¶11.**

Respondent moved to dismiss without prejudice because state remedies had not yet been exhausted. **(Doc. 3)**. Before that motion was ruled on, petitioner filed a Motion to Withdraw Petition for Habeas Corpus Without Prejudice. **(Doc. 4)**. In that motion, Payne stated that he "understands 28 U.S.C. Sec. 2244(3)(A) and believes that he would have no trouble in filing a

1

successive petition for habeas corpus if his post-conviction [petition] would be denied in all three State Courts." **Doc. 4, ¶7.**

The court granted respondent's motion to dismiss without prejudice on September 25, 1997. **See, Docs. 5 & 6**. The court was not required to warn Payne of the consequences of dismissing his habeas petition. *Pliler v. Ford*, **542 U.S. 225, 231, 124 S.Ct. 2441 (2004)**. The instant motions were filed more than 10 years later, on May 7, 2008.

Both of the motions are predicated upon the assumption that the original habeas petition was held in abeyance. That assumption is incorrect; the petition was dismissed. Petitioner did not ask that the petition be held in abeyance; he clearly asked in the prayer for relief that "this Honorable Court dismiss without prejudice" his petition. **Doc. 4, p. 2**.

Both motions must be denied. This case is similar to *Arrieta v. Battaglia*, **461 F.3d 861, 865 (7th Cir. 2006)**. In *Arrieta*, the court granted the petitioner's motion to voluntarily dismiss his habeas petition. After pursuing remedies in state court, the petition filed a second habeas petition, which was dismissed. On appeal, the petitioner argued that the court should have reopened his original habeas petition. The Seventh Circuit found against him, noting that it had been a mistake to move to dismiss the original habeas petition. "A litigant who moves to voluntarily dismiss an action that cannot be refiled due to the expiration of the statute of limitation has committed a mistake." *Arrieta v. Battaglia*, **461 F.3d 861, 865 (7th Cir. 2006)**. The remedy would have been to move the court to set aside the judgment of dismissal under **Fed.R.Civ.P. 60(b)(1)**. Such a motion must be brought within one year of the date of the judgment, however, and that time limit cannot be extended. *Id.*, **at 864.** The Seventh Circuit noted that the Supreme Court authorized use of the stay and abeyance procedure in certain

2

circumstances. ***Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005)**. However, the Seventh Circuit held that ***Rhines*** does not mandate "that a prior voluntary dismissal be reopened even if the terms of Rule 60(b) preclude reopening." ***Arrieta*, 461 F.3d at 866.**

Payne's petition is subject to the one-year limitation set forth in **28 U.S.C. §2244(d)(1)**. It is evident that the one-year period has expired.

The one-year period began to run on the date on which his conviction became final by the conclusion of direct review or the expiration of the time for seeking such review. According to **Doc. 1**, the Illinois Supreme Court denied leave to appeal on in January, 1997. In calculating the date on which his conviction became final for purposes of the habeas filing period, he also gets the benefit of the 90 day period in which he could have sought certiorari review in the United States Supreme Court. ***Lawrence v. Florida*, 127 S.Ct. 1079, 1083-1084 (2007); *Balsewicz v. Kingston*, 425 F.3d 1029, 1032 (7th Cir. 2005).** Thus, his conviction became final by the end of April, 1997.

**28 U.S.C. §2244(d)(2)** tolls the running of the one-year period during the time that a "properly filed" application for state postconviction remedy is pending. Payne filed a postconviction petition on April 22, 1996, before his conviction was final. **See, Doc. 1, ¶11**. The one-year limitation period began running when that petition was disposed of. Petitioner does not say when his original postconviction petition was disposed of in state court. In his motion, he states only that he "finally exhausted his state court remedies" on March 21, 2008. **See, Doc. 9, ¶4**. However, this statement glosses over the fact that he actually filed a series of state postconviction petitions.

Payne filed a habeas petition in the Central District of Illinois in May, 2006, which was

3

dismissed. ***Payne v. Bryant*, 2006 WL 2524128 (C.D. Ill. 2006)**. In his opinion dismissing the petition, Judge Mills noted that the April, 1996, postconviction petition was denied, and the decision was affirmed on October 21, 2001. Payne then filed a second postconviction petition on February 24, 2005. ***Payne*, \*1.** The one-year limitations period began running when the dismissal of the first postconviction petition became final, and it expired before the second postconviction petition was filed in 2005. Successive postconviction petitions filed after the one-year limitation period has expired do not revive the period. ***Johnson v. McCaughtry*, 265 F.3d 559, 564-565 (7th Cir. 2001).**

In sum, in 1997, petitioner chose to abandon his habeas petition and to pursue relief in state court instead. Under *Arrieta, supra*, he cannot now re-open his petition.

### Recommendation

This court recommends that Motion to Re-Open Habeas Corpus Petition **(Doc. 9)** and Motion to Amend Original Habeas Corpus Petition **(Doc. 8)** be **DENIED**.

Objections to this Report and Recommendation must be filed on or before **June 24, 2008.**

**Submitted: June 6, 2008.**

        **s/ Clifford J. Proud**
        **CLIFFORD J. PROUD**
        **U.S. MAGISTRATE JUDGE**